Appeal of **W. W. CARTER CO.**                    Docket No. 689.

A corporation, on September 1, 1912, acquired, at a cost of $11,000, a leasehold interest for a term of 10 years at an annual rental which was greater for the first than it was for the second 5 years. In its income-tax returns for the years prior to 1920, it made no claim for exhaustion, and, on January 30, 1920, it sold the leasehold for $11,000. *Held:*

(1) The allowance for exhaustion of the leasehold should be spread evenly over the term of the lease, without regard to the varying rentals.

(2) The exhaustion to be considered, in determining invested capital of the taxpayer, as well as the gain or loss resulting from the sale, should be computed upon the basis of value of the leasehold as of March 1, 1913, rather than upon the cost thereof at the date of acquisition.

Submitted March 2, 1925; decided March 23, 1925.

*Jesse I. Miller, Esq.*, for the taxpayer.
*Robert A. Littleton, Esq.*, for the Commissioner.

Before JAMES, STERNHAGEN, and TRAMMELL.

This is an appeal from a determination of the Commissioner of a deficiency in income and profits taxes for the year 1920 in the sum of $2,836.19, not all of which is in dispute.

The W. W. Carter Co. is an Indiana corporation with its principal place of business in Indianapolis, Ind.

On or about September 1, 1912, the taxpayer acquired for the sum of $11,000 a leasehold interest in certain business premises located in the city of Indianapolis. The lease was for a period of 10 years from January 1, 1914, and provided for an annual rental of $3,600 for the first 5 years of the said term and $3,200 for the last 5 years thereof.

To and including the year 1920 the taxpayer did not claim or deduct in its income-tax returns or on its books any depreciation or exhaustion of the said leasehold, either on the basis of cost of $11,000 or on the basis of the value of the said leasehold as of March 1, 1913. On the 30th day of January, 1920, the taxpayer sold the leasehold for the sum of $11,000.

The reasonable value of the said leasehold interest on March 1, 1913, was $18,817.52.

The Commissioner added to the net income of the taxpayer for the year 1920 an alleged profit on the sale of the said leasehold in the sum of $7,715.31.

In computing said profit, the Commissioner determined that the taxpayer had sustained exhaustion of the said leasehold from September 1, 1912, to the date of sale, computing such exhaustion at the rate of $916.67 per year. This sum was deducted from the value of the said leasehold annually from September 1, 1912, leaving a residual value at the date of sale of $3,284.69.

## DECISION.

The deficiency should be computed in accordance with the following opinion. Final decision will be settled on consent or on 10 days' notice in accordance with Rule 50.

## OPINION.

JAMES: The taxpayer in its appeal has submitted two contentions— first, that the Commissioner erred in computing the exhaustion of the leasehold from September 1, 1912, the date upon which the lease was acquired by the taxpayer; and, second, that the exhaustion rate should be higher in the last five years of the leasehold term by reason of the fact that the rental provided for that period was at a lesser rate than the rental rate provided for the first five years, whereas, as shown by the evidence submitted by it, the rental value increased steadily throughout the lease.

In addition, the taxpayer has submitted that it is entitled to a computation of exhaustion of the leasehold based upon March 1, 1913, value, and to a computation of gain and loss also based upon that value rather than upon the cost of $11,000 on September 1, 1912.

The Commissioner conceded the correctness of the taxpayer's position with respect to the first point.

We are unable to agree with the taxpayer on the second point and are of the opinion that the exhaustion of the leasehold should be

spread evenly over the term of the lease without regard to the rental conditions fixed therein.

The method of computing the deduction for the exhaustion of a leasehold has already been determined by this Board in the *Appeal of Even Realty Co.*, 1 B. T. A. 355. Since the value of the leasehold here in question is found to be $18,817.52 on March 1, 1913, the Commissioner should deduct, in determining invested capital of the taxpayer for the year here in question, the sum of $1,881.75 for each calendar year beginning January 1, 1914.

The computation of the gain or loss on the lease here in question is governed by the decision of the Supreme Court in the case of *Goodrich* v. *Edwards*, 255 U. S. 527. The total exhaustion of the leasehold based on March 1, 1913, value from January 30, 1920, is $11,447.32. Deducting this amount from the value on March 1, 1913, $18,817.52, the balance, or $7,370.20, is the basis for the computation of the gain or loss. This amount, deducted from the sales price of $11,000, leaves a taxable profit of $3,629.80, in and for the year 1920.

Inasmuch as the invested capital of the taxpayer is reduced by the deductions above set forth on account of exhaustion of the leasehold, the Commissioner should compute credits for tax overpaid, if any, by the taxpayer from January 1, 1914, to and including the fiscal year ended January 31, 1919, and apply such credits against the deficiency asserted herein.